IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SOREMEKUN BOBA, #299472           *
        Petitioner,
    v.                              *   CIVIL ACTION NO. PJM-06-1743

FRANK C. SIZER JR., et al.        *
        Respondents.

\*      \*      \*      \*      \*      \*      \*

SOREMEKUN BOBA, #299472           *
        Petitioner,
    v.                              *   CIVIL ACTION NO. PJM-06-1753

FRANK C. SIZER JR., et al.        *
        Respondents.
                            ***

**MEMORANDUM OPINION**

On March 28, 2006, this Court received a complaint from Soremekun Boba ("Boba"), an inmate confined at the Southern Maryland Pre-Release Unit ("SMPRU") in Charlotte Hall, Maryland, seeking the restoration of 481 days of good conduct credits he lost as part of a prison disciplinary sanction in June of 2001. *See Boba v. Sizer*, Civil Action No. PJM-06-814 (D. Md. 2006). Boba argued that his revoked good conduct credits should be restored because (i) the disciplinary proceedings in 2001 were based upon correctional regulations that were declared invalid by the Court of Appeals of Maryland in 2005,[1] and (ii) the sentence he was serving when the credits were originally revoked no longer exists and a later adjustment to the number of credits revoked

---

[1] *See Massey v. Secretary, Dep't of Public Safety and Correctional Services*, 389 Md. 496, 886 A.2d 585 (Md. 2005). In *Massey*, the Court of Appeals of Maryland concluded that the directives of the Secretary of Department of Public Safety and Correctional Services dealing with inmate discipline and the procedures for charging offenses constituted regulations under Maryland Administrative Procedure Act ("APA"), and thus, to be legally effective, were to be adopted in conformance with the APA. *See Massey*, 389 Md. at 517-525, 886 A.2d at 597-602.

occurred without affording him due process. *Id*.   By opinion entered on April 6, 2006, the Court construed the complaint as a 28 U.S.C. § 2241 application and dismissed the matter without prejudice for the failure to exhaust state court remedies.  *See Boba v. Sizer*, Civil Action No. PJM-06-814 at Paper Nos. 3 & 4.

Boba remains confined at SMPRU.  On July 11, 2006, he filed the above-captioned 28 U.S.C. § 2241 actions, seeking to re-file his claims regarding his June, 2001 adjustment, the revocation of his diminution credits, and the Court of Appeals of Maryland decision in *Massey*.  As the applications contain identical claims and relief requests, *e.g.*, declaratory relief, restoration of diminution credits, and release, the cases shall be consolidated.  For reasons to follow, however, the consolidated matters shall be dismissed without prejudice.

A habeas corpus petition, with its concomitant requirement of the exhaustion of state court remedies, is the exclusive means for a person "in custody" to attack the fact or duration of his confinement.  *See Preiser v. Rodriguez*, 411 U.S. 475, 489-490 & 500 (1973) (state prisoner's civil rights action for injunctive relief seeking restoration of good time credits lost due to disciplinary proceeding should proceed as habeas corpus matter).   Boba does not contend that a state remedy is unavailable for his claims and a review of the cause of action reveals that he has not fully exhausted his remedies as to this issue.  According to Boba, his remedies are currently pending before the Inmate Grievance Office ("IGO").  Therefore, this consolidated action must be dismissed for the failure to exhaust available state court remedies.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973).

An inmate in the custody of the Maryland Division of Correction who wishes to seek the restoration of revoked diminution credits has two possible avenues for relief.  Regardless of whether

he believes he is entitled to an immediate release, an inmate may seek the restoration of his or her lost credits via administrative proceedings by:

1. Filing a request under the administrative remedy procedure, Division of Correction Directive 185-001, et seq., to the warden of the institution where he is confined;

2. Appealing a denial of the request by the warden to the Commissioner;

3. Filing a complaint with the IGO;

4. Appealing a final decision of the IGO to the Circuit Court;

5. Filing an application for leave to appeal to the Court of Special Appeals from the decision of the Circuit Court; and

6. *If* the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, seeking *certiorari* to the Court of Appeals.

An inmate claiming an entitlement to an immediate release can also seek relief directly from the state courts by:

1. Filing a petition for writ of habeas corpus in a Circuit Court;

2. Appealing a decision by the Circuit Court to the Court of Special Appeals;[2] and

3. Seeking *certiorari* to the Court of Appeals from a decision by the Court of Special Appeals.

---

[2] Although at one time this Court interpreted Maryland law as not permitting appeal of a Circuit Court decision denying habeas corpus relief except in very limited circumstances, *see Chavis v. Smith*, 834 F. Supp. 153, 158 (D. Md. 1993), later decisions by the Court of Appeals Maryland have made it clear that there is a right of appeal in cases where state habeas corpus relief has been sought challenging the calculation of sentences and/or diminution credits. *See Frost v. State*, 336 Md. 125, 132 n.5 (1994); *Merritt v. Corcoran*, 105 Md. App. 109, 111 (1995).

Because Boba has not fully exhausted and complied with these procedures, his consolidated case will be dismissed without prejudice. A separate Order follows.[3]

|  | /s/ |
|---|---|
|  | PETER J. MESSITTE |
| July 20, 2006 | UNITED STATES DISTRICT JUDGE |

---

[3] As of the within signature date, the docket does not show that Boba filed the $5.00 habeas fee or an indigency application in either case. In light of the summary dismissal of the consolidated matter, however, Boba shall not be required to cure this deficiency.